**SCHIFFMAN PUIG, P.C.**
**ATTORNEYS AT LAW**

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 235-0539
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BERNICE EATON, a single person,<br><br>                                    Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign insurer, JOHN C. LINCOLN HEALTH NETWORK n/k/a HONORHEALTH, an Arizona Corporation; JOHN C. LINCOLN GROUP LIFE INSURANCE PLAN,<br><br>                                    Defendants. | No.<br><br>**COMPLAINT** |

For her claims against Defendant, Bernice Eaton ("Bernice") alleges as follows:

**PARTIES**

1. Bernice was married to Kenneth Eaton ("Kenneth"). Kenneth and Bernice both worked for the John C. Lincoln Health Network ("JCL"). Kenneth began working for JCL on October 26, 2005, and continued to work there until his death.

2. Bernice is currently a resident of Los Angeles County, California, but, at all times relevant to this claim, was a resident of Maricopa County, Arizona.

3. Defendant Life Insurance Company of North America ("LINA") is a foreign insurer that is authorized to operate in and conducts business in Arizona.

4. LINA issued Group Life Insurance Policy No. FLX-963103 ("Life Policy") to JCL to cover its employees, children, domestic partners, and dependents.

5. Defendant John C. Lincoln Group Life Insurance Plan ("the Plan") is a purported ERISA plan offering life insurance benefits to its employees and their dependents.

6. Defendant JCL was the Plan Administrator at the time the claims arose.

7. Effective January 1, 2015, JCL merged with Scottsdale Healthcare and became HonorHealth.

8. On information and belief, HonorHealth assumed all liabilities incurred by JCL as its successor.

9. On information and belief, HonorHealth is now the Plan Administrator.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Defendants have caused events to occur in Arizona out of which Bernice's claims arise.

11. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

12. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

13. Venue is proper as the obligations were due in the State of Arizona and the insurance policies were entered into in the state of Arizona.

## FACTUAL BACKGROUND

14. The Plan and the Life Policy offer JCL employees life insurance coverage for themselves and dependent life insurance for a spouse.

15. By virtue of their employment with JCL, Bernice and Kenneth each had $25,000 of life insurance coverage paid for by JCL.

16. The Plan and Policy, however, offered voluntary coverage for employees for death benefits up to five times annual compensation or $300,000, whichever is less. The

Plan and the Life Policy also offered dependent coverage. For the entire time Kenneth and Bernice both worked at JCL, they elected voluntary coverage for themselves and dependent coverage for each other.

17. During open enrollment for 2013, Bernice elected supplemental life insurance coverage for herself in the amount of two times her salary, and dependent life insurance coverage for Kenneth in the maximum amount of $50,000.

18. During open enrollment for 2013, Kenneth elected supplemental life insurance coverage for himself at four times his annual salary and dependent life insurance coverage for Bernice at $50.000.

19. JCL deducted premiums for both supplemental and dependent life insurance coverage from Kenneth's and Bernice's paychecks.

20. Kenneth died on February 16, 2013.

21. Bernice filed claims for the basic and supplemental life insurance coverage Kenneth carried on himself, and the dependent life insurance benefits she carried on Kenneth.

22. LINA paid Bernice's dependent claim in the amount of $50,000 on March 13, 2013.

23. LINA initially denied Bernice's claim for Basic Life Insurance Benefits of $25,000 and the Supplemental Benefits of four times Kenneth's salary, i.e., $136,000, because it maintained that Kenneth was no longer covered under the Plan and Policy.

24. On May 23, 2013, Bernice requested copies of all documents, records, and other information relating to the Life Policy, including, but not limited to, the plan document, policy instrument, and summary plan description ("SPD") from JCL.

25. On December 20, 2013, LINA determined that Kenneth was covered under the Plan and Policy, and disbursed the $25,000 basic benefit JCL provided and the four-times salary supplemental benefit Kenneth elected of $136,000. LINA also paid interest on the amounts.

26. LINA, however, reduced the total amount by the $50,000 it disbursed to Bernice in March 2013 because the Policy language provides "a person may be insured only once under the Basic Life portion of the Policy even though he or she may be eligible under more than one class. A person may also be insured only once under the Voluntary Life portion of the Policy as an Employee, Spouse or Dependent Child, even though he or she may be eligible under more than one class."

27. Bernice timely submitted an appeal of LINA's denial of the benefits due under the Voluntary Life option of the Life Policy on March 25, 2014.

28. LINA did not respond to Bernice's appeal.

29. Bernice has exhausted her administrative remedies.

## COUNT I

## FAILURE TO PAY BENEFITS 29 U.S.C. §1132

### (ALL DEFENDANTS)

30. All previous allegations are incorporated into this Count.

31. During open enrollment, Bernice elected dependent life insurance benefits of $50,000 on Kenneth's life.

32. During open enrollment, Kenneth elected dependent life insurance benefits of $50,000 on Bernice's life.

33. Kenneth and Bernice also elected supplemental benefits in multipliers of their salaries in addition to the $25,000 provided to them by virtue of their employment with JCL.

34. Defendants accepted Bernice's and Kenneth's elections.

35. JCL deducted the premium for the dependent life insurance coverage from each and every paycheck received by Bernice and Kenneth up to Kenneth's death in February 2013.

36. Defendants did not advise Bernice or Kenneth that they were permitted to be insured "only once" under the Voluntary Life portion of the Plan and the Life Policy.

37. Neither Bernice's or Kenneth's benefit selection forms refer to the life insurance options as "basic" or "voluntary."

38. The terms of the Plan and Policy are vague, ambiguous, contrary to reasonable expectations, and the alleged exclusion applied in this case is neither conspicuous nor clear.

39. LINA's acceptance of the premiums demonstrates its assent to all provisions of the Life Policy, including the dependent benefits carried on Kenneth by Bernice.

40. LINA has failed to pay insurance benefits to Bernice, even though LINA is obligated under the Life Policy to pay such benefits.

41. LINA did not refund Bernice the premiums she paid on the Policy.

42. Bernice is entitled to collect the $50,000 dependent life insurance benefit she paid for on Kenneth's life.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## (LINA/JCL)

43. All previous allegations are incorporated into this count.

44. LINA and JCL are Plan Fiduciaries.

45. As Plan Fiduciaries LINA and JCL are required to act solely in the interest of plan participants and their beneficiaries with the exclusive purpose of providing benefits to them.

46. The Plan, the Policy, LINA and JCL contend that the Policy language essentially prohibits married employees who are also employed by JCL to secure dependent coverage and supplemental life insurance coverage.

47. The Plan, LINA, and JCL affirmatively misrepresent, or misrepresent by omission, that married employees are not allowed to obtain all of the benefits offered by the Policy.

48. The Plan, JCL and LINA provided inaccurate information to plan participants about the extent of insurance benefits available to married employees.

49. LINA and JCL's misrepresentations lead married employees to believe that that they have sufficient life insurance coverage consistent with their needs and estate planning.

50. By the time a married employee who has elected supplemental life and whose spouse has elected dependent coverage finds out that the coverage is unavailable, it is too late for the employees to obtain other life insurance to fill the gap created by the loss of dependent benefits.

51. LINA accepted premium payments for coverage it knew was illusory coverage.

52. LINA and JCL failed to discharge their duties with the care, skill, prudence, and diligence under the circumstances that a reasonable person acting the same capacity and familiar with such matters would use under 29 U.S.C. § 1104(a). Therefore, LINA and JCL have breached their fiduciary duties pursuant to 29 U.S.C. 1132(a) and all other ERISA regulations.

53. Bernice is entitled to equitable relief that cannot be obtained through her claim under 29 U.S.C. § 1132(1)(1)(B).

54. Bernice is entitled to enjoin any act or practice by LINA or JCL that violates ERISA or the Plan and she is entitled to seek other appropriate relief that is traditionally available in equity.

55. Bernice seeks this Court to enjoin LINA and JCL from denying payment of supplemental coverage, basic coverage, and dependent life insurance coverage.

56. Bernice asks the Court to enjoin LINA and JCL from issuing supplemental coverage, basic coverage, and dependent life insurance coverage.

57. ERISA does not elsewhere adequately remedy the injuries caused to Bernice by LINA and JCL's breach of fiduciary duty violations.

58. LINA was unjustly enriched as a result of its breach of fiduciary duty violations because it collected premiums for illusory coverage.

59. Bernice suffered actual harm as a result of JCL's and LINA's breach of fiduciary duties.

60. Bernice and Kenneth relied to their detriment on JCL's and LINA's representations that they had basic, supplemental, and dependent life insurance benefits available.

61. Bernice is entitled to recover her attorney's fees and costs incurred in pursuing this matter under 29 U.S.C. §1132(g).

62. Upon information and belief, separate equitable relief may be appropriate under 29 U.S.C. § 1132(a)(3) beyond injunctive relief, because 29 U.S.C. § 1132(a)(1)(b) is inadequate for recovery.

63. Bernice seeks disgorgement and return of all premiums which she paid to LINA under the Plan. As a direct and proximate result of LINA's and JCL's breaches of fiduciary duty, Bernice suffered actual financial harm and incurred financial expense.

## COUNT II

## FAILURE TO PRODUCE PLAN DOCUMENTS

64. All previous allegations are incorporated into this count.

65. Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4) requires Plan Administrators to provide, upon written request of any participant or beneficiary, a copy of the latest updated summary plan description in addition to the latest annual report, terminal report, bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

66. Failure of the Plan Administrator to provide plan documents within 30 days under 29 U.S.C. 1132(c)(1)(B) exposes the Plan Administrator to a penalty of up to $110 per day from the date of the failure to provide documents.

67. On information and belief, JCL is the Plan Administrator and HonorHealth is its successor.

68. If JCL is not the named Plan Administrator as alleged, it is the *de facto* plan administrator and is accordingly subject to penalties for failure to produce documents.

69. On May 23, 2013, Bernice requested copies of all documents, records, and other information relating to the Life Policy and Plan.

70. The information provided to employees during enrollment did not disclose the prohibition against having supplemental and dependent life insurance for married employees.

71. JCL only provided summary plan description for the Plan in the form of the Policy.

72. The language of the Life Policy's SPD specifically states that "[it] is not the insurance contract. It does not waive or alter any of the terms of the policy. If questions arise, the Policy will govern. [Participants and beneficiaries] may examine the Policy at the office of the Policyholder or the Administrator."

73. JCL did not disclose the policy document referred to in the SPD.

74. JCL's failure to disclose the Policy document, the Plan, JCL therefore failed to disclose the Plan Document for the Plan in violation of 29 U.S.C. 1132(c)(1)(B).

WHEREFORE, Bernice prays for entry of judgment against Defendants as follows:

A. For recovery of the $50,000 dependent benefit coverage Bernice elected on Kenneth's life;

B. For injunctive relief against LINA and JCL requiring the summary plan description and enrollment materials for the Plan to include language to advise married employees that they cannot elect coverage under more than one class;

C. For injunctive relief against LINA from issuing supplemental coverage and dependent life insurance coverage to married employees.

D. For all other equitable relief that is proper as a result of Defendants' breach of fiduciary duties, including equitable surcharge, disgorgement, or other appropriate equitable remedies;

E. For an award of Bernice's attorneys' fees pursuant to 29 U.S.C. § 1132(g) and costs incurred in bringing this lawsuit;

F. For assessment of a penalty against JCL of up to $110 per day for failure to provide Bernice with plan documents;

G. For pre- and post-judgment interest to the full extent permitted by law; and

H. For such other and further relief as the Court deems just and proper.

Dated this 18th day of August 2016.

SCHIFFMAN PUIG, P.C.


By: /s/Lisa J. Counters
     Lisa J. Counters

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2016, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

By:   /s/ Melissa A. Gutierrez